# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-779V

|  |  |
|---|---|
| BRIANNA MEYERS, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 5, 2024 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On June 26, 2020, Brianna Meyers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 12, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 9, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. The parties were unable to reach agreement on an appropriate award for damages, and filed briefs in support of their positions on October 24, 2022. On January 12, 2024, a decision was issued finding Petitioner entitled to $125,000.00 for pain and suffering, but deferring a ruling on lost wages and out-out-pocket expenses. ECF No. 48 at 6-7.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 4, 2024, the parties filed a status report stating that they have agreed on recommended compensation, and that Petitioner should be awarded $126,806.08 (consisting of $125,000.00 for pain and suffering and $1,806.08 for out-of-pocket expenses). Status Report at 2-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Status Report, **I award Petitioner a lump sum payment of $126,806.08 (consisting of $125,000.00 for pain and suffering and $1,806.08 for out-of-pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| **BRIANNA MEYERS,** | |
| Petitioner, | |
| **v.** | **No. 20-779V** |
| | **Chief Special Master Corcoran** |
| **SECRETARY OF HEALTH AND** | **ECF** |
| **HUMAN SERVICES,** | |
| Respondent. | |

## STATUS REPORT

On June 26, 2020, Trina Lower ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on October 12, 2017.  ECF No. 1 (Petition).  On August 19, 2021, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) Report recommending compensation. ECF No. 27.  On September 9, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement and Damages Order directing the parties to do conduct informal damages discussions.  ECF Nos. 28, 29.  The parties were not able to reach an agreement on an appropriate award of damages, and on October 24, 2022, the parties filed simultaneous briefs recommending an appropriate damages award.  ECF Nos. 45, 36.

On January 12, 2024, the Chief Special Master issued Findings of Fact and Conclusions of Law ("Order") stating that petitioner's vaccine-related shoulder pain was "primarily gone by February 27, 2020," and awarded a pain and suffering award of $125,000.00 based on

petitioner's clinical course from the date of vaccination, October 12, 2017, through February 27, 2020. ECF No. 48 at 6-7.  The Chief Special Master deferred ruling on an appropriate award for lost wages and past out-of-pocket expenses and directed the parties to discuss whether an agreement could be reached on these remaining elements of damages.  *Id.* at 6.

The parties have discussed these components of damages, and based on the evidence in the record and the Chief Special Master's January 12, 2024 Order, recommend compensation be awarded as set forth below:

**I.**     **Items of Compensation**

A.   Pursuant to the Chief Special Master's January 12, 2024 Order, petitioner should be awarded **$125,000.00** for pain and suffering pursuant to 42 U.S.C. § 300aa-15(a)(4).[1]

B.   Petitioner should be awarded a lump sum of **$1,806.08,** representative of out-of-pocket medical and related expenses pursuant to 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.   Petitioner should <u>not</u> be awarded any amounts for lost wages pursuant to 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The parties agree that these amounts represent all compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

**II.**     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a

---

[1]  Respondent has no objection to the amounts of the proffered award of damages for past out-of-pocket expenses and wage loss set in paragraphs I (B-C) below.  Assuming the Chief Special Master issues a damages decision in conformity with those elements of damages, respondent waives his right to seek review those amounts in a damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's January 12, 2024 Order.

lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following: a lump sum payment of **$126,806.08** (consisting of the Chief Special Master's pain and suffering award issued on January 12, 2024 for $125,000.00, and past out-of-pocket expenses for $1,806.08). in the form of a check payable to petitioner.[2]  Petitioner agrees.

Although this status report was drafted and filed by respondent, this document was reviewed by petitioner prior to filing.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

**S/ DEBRA A. FILTEAU BEGLEY**
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202)616-4181

Dated: <u>March 4, 2024</u>

---

[2]  Should petitioner die prior to the entry of judgment, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages, and the parties reserve the right to move the Court for appropriate relief.